# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **NOBLE CORPORATION PLC**, *et al.*, | Case No. 20-33826 (DRJ) |
| Debtors.[1] | (Jointly Administered) |
| | |
| In re: | Chapter 11 |
| **NOBLE NEC HOLDINGS LIMITED** | Case No. 20-34644 (DRJ) |
| Tax ID No. 98-1522716 | (Joint Administration Requested) |
| Debtor. | |
| | |
| In re: | Chapter 11 |
| **NOBLE INTERNATIONAL SERVICES LLC** | Case No. 20-34645 (DRJ) |
| Tax ID No. 56-2372570 | (Joint Administration Requested) |
| Debtor. | |
| | |
| In re: | Chapter 11 |
| **NOBLE JOHN SANDIFER LLC** | Case No. 20-34646 (DRJ) |
| Tax ID No. 68-0535758 | (Joint Administration Requested) |
| Debtor. | |

---

[1] Due to the large number of Debtors in these jointly administered chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/noble. The location of Debtor Noble Corporation plc's principal place of business in the United States and the Debtors' service address in these chapter 11 cases is 13135 Dairy Ashford, Suite 800, Sugar Land, Texas 77478.

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **NOBLE JOHNNIE HOFFMAN LLC** | **Case No. 20-34647 (DRJ)** |
| Tax ID No. 46-0513290 | **(Joint Administration Requested)** |
| Debtor. | |
| **In re:** | **Chapter 11** |
| **NOBLE SA LLC** | **Case No. 20-34648 (DRJ)** |
| Tax ID No. N/A | **(Joint Administration Requested)** |
| Debtor. | |
| **In re:** | **Chapter 11** |
| **NDSI HOLDING LIMITED** | **Case No. 20-34649 (DRJ)** |
| Tax ID No. N/A | **(Joint Administration Requested)** |
| Debtor. | |

## DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE <u>CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF</u>

**EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON OCTOBER 9, 2020 AT 9:30 AM (CENTRAL TIME) IN COURTROOM 400, 515 RUSK, HOUSTON, TEXAS 77002. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AUDIO/VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE JONES'S CONFERENCE ROOM NUMBER IS 205691.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JudgeJones" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE JONES'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND**

> **SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "Judges' Procedures," THEN "View Home Page" FOR JUDGE JONES. UNDER "Electronic Appearance" SELECT "Click here to submit Electronic Appearance". SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "Submit" TO COMPLETE YOUR APPEARANCE.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN OCTOBER 9, 2020.**

Noble Corporation, plc, *et al.*, the above-captioned debtors and debtors-in-possession, (the "Initial Debtors"), together with Noble NEC Holdings Limited, Noble International Services LLC, Noble John Sandifer LLC, Noble Johnnie Hoffman LLC, Noble SA LLC, and NDSI Holding Limited (collectively, the "Additional Debtors," and, together with the Initial Debtors, the "Debtors" or the "Company"), respectfully state as follows in support of this motion (this "Motion"):

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Proposed Order"), (i) directing procedural consolidation and joint administration of the recently filed chapter 11 cases of the Additional Debtors with the jointly administered chapter 11 cases of the Initial Debtors, and (ii) granting related relief. The Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the existing consolidated caption for the Initial Debtors' cases, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|   |   |
|---|---|
| **In re:** : | **Chapter 11** |
| : |   |
| **NOBLE CORPORATION PLC,** *et al.***,** : | **Case No. 20-33826 (DRJ)** |
| : |   |
| **Debtors.**[1] : | **Jointly Administered** |
| : |   |

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/noble. The location of Debtor Noble Corporation plc's principal place of business in the United States and the Debtors' service address in these chapter 11 cases is 13135 Dairy Ashford, Suite 800, Sugar Land, Texas 77478.

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors also request that a docket entry, substantially similar to the following, be entered on docket of each of the Additional Debtors to reflect the joint administration of these chapter 11 cases:

> An order has been entered in this case consolidating this case with the case of Noble Corporation plc, Case No. 20-33826 (DRJ), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. **The docket in Case No. 20-33826 (DRJ) should be consulted for all matters affecting the above listed case.**

3. The Debtors also request that the Court order that all protections provided to and relief entered by this Court with respect to the Initial Debtors in their chapter 11 cases also apply to and inure to the benefit of the Additional Debtors in their chapter 11 cases as of the date of entry of the Proposed Order.

**Jurisdiction and Venue**

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

5.      Venue is proper pursuant to 28 U.S.C. § 1408.

6.      The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, rules 1015(b) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1015-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Background**

7.      On July 31, 2020 (the "Initial Debtors Petition Date"), the Initial Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Initial Chapter 11 Cases"). On the date hereof, (the "Additional Debtors Petition Date"), the Additional Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Additional Chapter 11 Cases," and together with the Initial Chapter 11 Cases, the "Chapter 11 Cases").

8.      The Debtors are operating their businesses and manage their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no statutory committees have been appointed in these Chapter 11 Cases.

9.      Noble is a leading offshore drilling contractor for the oil and gas industry. The Company provides contract drilling services to the international oil and gas industry with its global fleet of mobile offshore drilling units. Noble focuses on a balanced, high-specification fleet of

floating and jackup rigs and the deployment of its drilling rigs in oil and gas basins around the world.

10. Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Richard Barker in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 28] (the "First Day Declaration"), incorporated herein by reference.[2]

## Basis for Relief

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors that commenced these Chapter 11 Cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. *See* 11 U.S.C. § 101(2). Local Rule 1015-1 provides for the joint administration of related chapter 11 cases.

12. In addition, section 105(a) of the Bankruptcy Code provides the bankruptcy court with the power to grant the relief requested herein by permitting the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Accordingly, the Bankruptcy Rules, the Bankruptcy Code, and the Local Rules authorize the Court to grant the relief requested herein.

13. Joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party-in-interest. Many

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

of the motions, hearings, and orders in these Chapter 11 Cases will affect both the Initial Debtors and the Additional Debtors. The entry of an order directing joint administration of these Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the Southern District of Texas and all parties-in-interest to monitor these Chapter 11 Cases with greater ease and efficiency.

14. Bankruptcy Rule 2002(n) provides that notices under Bankruptcy Rule 2002 shall include certain information, including, without limitation, the tax identification number of each Debtor and any other names used by the Debtors in the previous eight years. Fed. R. Bankr. P. 2002(n). Consistent with the relief granted in the Initial Chapter 11 Cases, all pleadings filed and each notice mailed by the Debtors will continue to include a footnote indicating that, due to the large number of Debtors in these jointly administered Chapter 11 Cases, a complete list of the Debtors, their tax identification, registration, or like numbers may be obtained on the website of the claims and noticing agent at https://dm.epiq11.com/noble. Moreover, such identifying information and any other names used by the Debtors in the past eight years is listed in the petitions for each of the Debtors, which will also be publicly available on the claims and noticing agent's website and will be provided by the Debtors to any party-in-interest upon request. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(n) have been satisfied.

15. To the extent not satisfied or deemed satisfied, waiver of the requirements imposed by section 342(c)(1) of the Bankruptcy Code or Bankruptcy Rule 2002(n) is warranted. Providing the Additional Debtors' full tax identification numbers and other identifying information separately from those of the Initial Debtors' in notices and pleadings would be unduly cumbersome and may be confusing to parties-in-interest. More importantly, waiver of such requirement is

7

purely procedural in nature and will not affect the rights of parties-in-interest, especially given that the Debtors propose to continue to include in each pleading that they file, and notice they mail, a footnote indicating that such identifying information is publicly available on the claims and noticing agent's website.

16. Further, Local Bankruptcy Rule 1015-1 details the information a debtor must include in its request for joint administration. A motion and proposed order for joint administration must "itemize the requested relief," "be in the form published on the court's website," and "be made to the judge with the lowest case number." This Motion and the Proposed Order satisfy these requirements. To the extent this Motion or the Order are deemed not to comply with such rule, the Debtors request a limited waiver.

17. Extending the protections provided and relief entered by this Court with respect to the Initial Debtors to the Additional Debtors, as of the date of entry of the Proposed Order, in these Chapter 11 Cases is also warranted. The inclusion of the Additional Debtors in these Chapter 11 Cases is required to effectuate the corporate reorganization that serves as the foundation for the Debtors' financial restructuring. Accordingly, the success of these Chapter 11 Cases would be hindered if the Additional Debtors could not rely on the same relief, benefits, and protections provided to the Initial Debtors. Failure to extend such relief to the Additional Debtors could also confuse creditors and parties-in-interest as they would be forced to engage with the Additional Debtors differently than they do with the Initial Debtors.

18. For the reasons set forth above, the Debtors respectfully submit that the relief requested herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest and, therefore, should be granted.

**Reservation of Rights**

19. Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (d) promise to pay any claim, (e) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code, or (f) otherwise affecting the Debtors' rights under Bankruptcy Code section 365 to assume or reject any executory contract or unexpired lease. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**Emergency Consideration**

20. Pursuant to Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." The Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Additional Debtors Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

**Notice**

21.  Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to the administrative agent under the Debtors' prepetition Revolving Credit Facility; (c) the indenture trustee under each of the Debtors' outstanding bond issuances; (d) counsel to the Ad Hoc Group of Senior Noteholders; (e) counsel to the Ad Hoc Group of Priority Guaranteed Noteholders; (f) the Paragon Litigation Trust; (g) the United States Attorney for the Southern District of Texas; (h) the state attorneys general for states in which the Debtors conduct business; (i) the Debtors' 50 largest unsecured creditors on a consolidated basis; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; (l) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (m) any party that has requested notice pursuant to Bankruptcy Rule 2002; (n) any known counsel for the foregoing entities (collectively, the "Notice Parties"); and (o) any other party entitled to notice pursuant to Local Rule 9013-1(d). The Debtors submit that no other or further notice need be provided.

**No Prior Request**

22.  No prior request for the relief sought herein has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtors respectfully request that the Court (a) enter the Proposed Order in substantially the form attached hereto and (b) grant such other and further relief as may be just and proper.

Dated: September 24, 2020
      Houston, Texas

Respectfully Submitted,

By: */s/ John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX 09597500)
Eric M. English (TX 24062714)
M. Shane Johnson (TX 24083263)
Megan Young-John (TX 24088700)
Emily D. Nasir (TX 24118477)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
eenglish@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
enasir@porterhedges.com

*Co-Counsel to the Debtors
and Debtors-in-Possession*

– and –

**SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP**

George N. Panagakis (admitted *pro hac vice*)
Anthony R. Joseph (admitted *pro hac vice*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
george.panagakis@skadden.com

– and –

Mark A. McDermott (admitted *pro hac vice*)
Jason N. Kestecher (admitted *pro hac vice*)
Nicholas S. Hagen (admitted *pro hac vice*)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
mark.mcdermott@skadden.com
jason.kestecher@skadden.com

*Counsel for the Debtors
and Debtors-in-Possession*

**Certificate of Service**

   I hereby certify that a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' claims, noticing, and solicitation agent.

                */s/ John F. Higgins*
                **PORTER HEDGES LLP**
                John F. Higgins (TX 09597500)
                Eric M. English (TX 24062714)
                M. Shane Johnson (TX 24083263)
                Megan Young-John (TX 24088700)
                Emily D. Nasir (TX 24118477)
                1000 Main St., 36th Floor
                Houston, Texas 77002
                Telephone: (713) 226-6000
                Facsimile: (713) 226-6248
                jhiggins@porterhedges.com
                eenglish@porterhedges.com
                sjohnson@porterhedges.com
                myoung-john@porterhedges.com
                enasir@porterhedges.com

                *Co-Counsel to the Debtors*
                *and Debtors-in-Possession*

**Certificate of Accuracy**

   I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.

                  */s/ John F. Higgins*
                  **PORTER HEDGES LLP**
                  John F. Higgins (TX 09597500)
                  Eric M. English (TX 24062714)
                  M. Shane Johnson (TX 24083263)
                  Megan Young-John (TX 24088700)
                  Emily D. Nasir (TX 24118477)
                  1000 Main St., 36th Floor
                  Houston, Texas 77002
                  Telephone: (713) 226-6000
                  Facsimile: (713) 226-6248
                  jhiggins@porterhedges.com
                  eenglish@porterhedges.com
                  sjohnson@porterhedges.com
                  myoung-john@porterhedges.com
                  enasir@porterhedges.com

                  *Co-Counsel to the Debtors*
                  *and Debtors-in-Possession*